90/07-5754.DV:tmm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:07 CV 3313 |
| | ) | |
| VILLAGE OF LAKEMOOR; WALLACE | ) | Judge Joan B. Gottschall |
| FRASIER, Chief of the Lakemoor Police | ) | |
| Department; POLICE OFFICER HEWETT; | ) | Magistrate Judge Valdez |
| and POLICE OFFICER FREE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST
## AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER,

Chief of Lakemoor Police Department, and OFFICERS ANDREW B. HEWETT and R. FREE,

by and through their attorneys at Knight, Hoppe, Kurnik & Knight, Ltd., and for their Answer to

the Plaintiff's First Amended Complaint, state as follows:

## INTRODUCTION

1. This is a civil action for damages brought pursuant to the United States Constitution

and 42 U.S.C. §1983 resulting from deprivations, under color of law, of Plaintiff's rights under

the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution and for

tortuous behavior under Illinois law.

**ANSWER:** Defendants admit that the Plaintiff has brought this action pursuant to the

United States Constitution and 42 U.S.C. §1983 alleging deprivations of the Plaintiff's rights

under the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution and for

tortuous behavior under Illinois law, but deny that Defendants engaged in the conduct described therein.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over these claims pursuant to Article III, Section 1 of the Constitution and 28 U.S.C. §§1331, 1343 and 42 U.S.C. §1983. Plaintiff also invokes the pendant jurisdiction of this Court to decide the asserted statutory and common law tort claims pursuant to 28 U.S.C. §1376(a).

**ANSWER:** Defendants admit that the Court has jurisdiction over these claims pursuant to Article III, Section 1 of the U.S. Constitution and 28 U.S.C. §§1331, 1343 and 42 U.S.C. §1983. Defendants also admit that the Court has pendant jurisdiction to decide the asserted statutory and common law tort claims pursuant to 28 U.S.C. §1376(a).

3.  Venue is properly established in this judicial district pursuant to 28 U.S.C. §1391(B).

**ANSWER:** Defendants admit that venue is properly established in this judicial district pursuant to 28 U.S.C. § 1391(B).

## THE PARTIES

4.  Jessie Neal, the Plaintiff, is a citizen of the United States and a resident of the State of Illinois, and an African American male.

**ANSWER:** These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. The Defendant, the Village of Lakemoor, is a municipal corporation operating in the geographic boundaries of Lake County, Illinois, in this judicial district.

**ANSWER:** Defendants admit the allegations contained in paragraph 5.

6. Police Officer Hewett, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an Officer of the Village of Lakemoor Police Department. The acts of Defendant, Officer Hewett, which are the subject of this lawsuit were undertaken in the regular course of his employment for the Village of Lakemoor. He is sued both individually and in his official capacity. Upon information and belief, Defendant, Officer Hewett, is a resident of the State of Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 6.

7. Police Officer Free, a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Village of Lakemoor Police Department. The acts of Defendant, Officer Free, which are the subject of this lawsuit were undertaken in the regular course of his employment for the Village of Lakemoor. He is sued both individually and in his official capacity. Upon information and belief, Defendant, Officer Free, is a resident of the State of Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 7.

8. Wallace Fraiser (sic), a Defendant, was at all times relevant to the incidents which are the subject of this lawsuit, the Chief of the Village of Lakemoor Police Department. As such, he is the responsible party for supervising the training, instruction, discipline, control and conduct

of Defendant Police Officers. He is also charged with promulgating all orders, rules, instructions and regulations of the Village of Lakemoor Police Department including, but not limited to, those orders, rules, instructions and regulations concerning the use of force and of deadly weapons. He also has the authority to approve all weapons to be used by members of the Village of Lakemoor Police Department. He is sued both individually and in his official capacity. Upon information and belief, Defendant Police Chief Wallace Fraiser (sic), is a resident of the State of Illinois.

**ANSWER:** Defendants deny that Wallace Frasier is the responsible party for supervising the training, instruction, discipline, control and conduct of Defendant police officers. Defendants further deny that Wallace Frasier is charged with promulgating all orders, rules, instructions and regulation of the Village of Lakemoor Police Department including, but not limited to, those orders, rules, instructions and regulations concerning the use of force and of deadly weapons. Defendants further deny that Wallace Frasier has the authority to approve all weapons to be used by members of the Village of Lakemoor Police Department. Defendants admit that Wallace Frasier was at all times relevant to the incidents which are the subject of this lawsuit the Chief of the Village of Lakemoor Police Department. Defendants further admit that Wallace Frasier is sued both individually and in his official capacity. Defendants also admit that Wallace Frasier is a resident of the State of Illinois.

9. The Village of Lakemoor is a municipal corporation charged with and responsible for appointing and promoting, through the Mayor of Village of Lakemoor, the members of the Village of Lakemoor Police Department and for the supervision, training, instruction, discipline, control and conduct of the Village of Lakemoor Police Department and its personnel. At all

relevant times, Defendant Municipality, the Village of Lakemoor, had the power, right and duty to control the manner in which the individual Defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Village of Lakemoor Police Department were consistent with the Constitution and the laws of the municipality.

**ANSWER:** Defendants deny that the Village of Lakemoor appoints and promotes "through the Mayor" but admit the remaining allegations contained in paragraph 9.

### FACTS COMMON TO ALL COUNTS

10. At approximately 4:00 a.m., on February 18, 2007, Plaintiff was lawfully present in the house located at Nancy Lane, Lakemoor, Illinois, where he was visiting.

**ANSWER:** These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Without warning, Police Officer Hewett and Police Officer Free of the Village of Lakemoor Police Department entered the house and began questioning the Plaintiff in the living room.

**ANSWER:** Defendants admit the allegations contained in paragraph 11.

12. The Plaintiff, being totally innocent of any wrongdoing, answered the police officer's questions and never at any time attempted to flee or physically resist arrest.

**ANSWER:** Defendants deny the allegations contained in paragraph 12.

- 5 -

13. The Defendant Officers, Officer Hewett and Officer Free, sprayed mace into the face of the Plaintiff, Jessie Neal.

**ANSWER:** The Defendants deny that Officer Hewett sprayed mace into the face of the Plaintiff, Jessie Neal. Defendants admit that Officer Free sprayed mace into the face of the Plaintiff, Jessie Neal.

14. The Defendant Officers, Officer Hewett and Officer Free, both became enraged and proceeded to strike the Plaintiff on various parts of the Plaintiff's head, face and body with their batons, knocking the Plaintiff to the ground and then kicked the Plaintiff numerous times on or about the body.

**ANSWER:** Defendants deny that Officers Hewett and Free became enraged. Defendants further deny that Defendant Officers Hewett and Free struck Plaintiff on his head or face with their batons. Defendants admit that the Plaintiff was struck by Officers Hewett and Free on his legs with their batons. Defendants deny that the Plaintiff was kicked numerous times on or about the body by Defendant Officers Hewett and Free.

15. Throughout the incident, Plaintiff was unarmed and had no weapon of any kind.

**ANSWER:** Defendants deny the allegations contained in paragraph 15.

16. At no point in time during his arrest did the Plaintiff resist or attempt to fight back. At no point in time did the Plaintiff disobey any directive of the officers.

**ANSWER:** Defendants deny the allegations contained in paragraph 16.

- 6 -

17. Plaintiff was severely injured as a result of the incident.  Plaintiff suffered from numerous medical conditions, including but not limited to bruises over his body.  He suffered and continues to suffer great physical, mental and emotional pain and distress as a result of the beating.

**ANSWER:**  These Defendants deny the allegations contained in paragraph 17.


18. On or about July 30, 2007, an anonymous letter was placed in an envelope and taped to the front door of the office of Bruning & Associates.  A copy of the letter is attached hereto and made a part hereof as Exhibit 1.  The letter contains various facts showing a pattern and custom of violence by the Defendant Police Officer Hewett.  Lake and McHenry County Court files corroborate many of the statements made in the July 30, 2007 letter.

**ANSWER:** These Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that an anonymous letter was placed in an envelope and taped to the front door of the office of Bruning & Associates on or about July 30, 2007.  Defendants deny that such letter contains facts showing a pattern and custom of violence by the Defendant Police Officer Hewett.   These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Lake and McHenry County Court files corroborate many of the statements made in the July 30, 2007 letter.


19. The letter specifically indicates that the Village of Lakemoor Police Department has conducted "several internal investigations" of Officer Hewett, and that Officer Hewett has a long history of violence not only at the Lakemoor Police Department, but also at the police departments at Hoffman Estates, Park City and Waukegan, Illinois.

**ANSWER:** Defendants admit the recitation of the text of the alleged letter, but deny any implication that such allegations are fact.

20. The letter indicates the Chief of the Lakemoor Police Department, (Defendant Wallace Frasier") was aware of Officer Hewett's dangerous and violent propensities, and that he failed to take the appropriate action to protect the public. The letter states: "Why the Chief there [Lakemoor] wants to keep him [Officer Hewett] I would never be able to guess…"

**ANSWER:** Defendants admit to the recitation of the context of the alleged letter but deny any implication that the context of such letter is fact.

21. Many of the statements in the letter regarding Chief Frasier and Officer Hewett are easily corroborated by affirmative matter I the form of public records. Attached hereto are numerous exhibits with information corroborating the statements in the July 30, 2007 letter and demonstrating Officer Hewett's long and dangerous history of violent propensities. Copies of Exhibits 2 through 9 are attached hereto and made a part hereof. Exhibits 2 through 9 contain information showing that:

   a. "In the past 15 years" Officer Hewett has been under investigation numerous times for police brutality and harassment." Exh. 2, Sworn and Verified Petition for Emergency Order of Protection, December 13, 2004, Lake County case number 04 OP 1454, page 3 of 11;

   b. Officer Hewett was convicted of disorderly conduct for threatening to kill Kyle Macko; Exh. 3, Lake County case number 05 CM 1644, Information and Guilty Finding; On or about June of 2005 Officer Hewett was court ordered to undergo an anger management evaluation in Lake County case number 05 CM 1644; Exh. 3, ¶ 8;

   c. Officer Hewett was arrested for Domestic Battery against Jean Severin, Exh. 4, ¶ 9; Information and Arrest Warrant in Lake County case number 00 CM 4034;

d.  Officer Hewett was arrested for child abduction in Lake County case number 05 CF 1240, Exh. 5, ¶ 14;

e.  On or about June 1, 2006, a Petition for Emergency Order of Protection was filed against Officer Hewett, alleging that Officer Hewett threatened to abduct the infant child of fellow Lakemoor Police Officer Pamela L. Merritt, and that Officer Hewett "has a violent history and has been arrested for domestic battery, disorderly conduct, and 2 counts of felony child abduction.  He has a history of harassing and stalking the people he splits up with and threatening them", Exh. 6, p. 3 of 11;

f.  On June 1, 2006, an Emergency Order of Protection was entered against Officer Hewett based upon the allegations summarized hereinabove, Exh. 7;

g.  On June 21, 2006, an Interim Order of Protection was entered against Officer Hewett based upon the allegations summarized hereinabove, Exh. 8; and

h.  Officer Hewett was a named defendant in a police brutality case previously pending in the United States District Court for the Northern District of Illinois, Eastern Division, entitled Ricardo Barracks v. Village of Hoffman Estates and Officer Andrew Hewett, et al., 94 CV 2272. officer Hewett put the barrel of his gun against the head of Mr. Barracks, cocked the trigger and kept yelling that he was going to kill Mr. Barracks. See the Amended Complaint, ¶ 13; Exh. 9.

**ANSWER:**  Defendants admit that the Plaintiff has properly recited a portion of the text from the exhibits attached to the Plaintiff's Amended Complaint, but deny that such exhibits corroborate the alleged letter that was taped to counsel's door.  Defendants further deny that any exhibits attached to the Plaintiff's Amended Complaint demonstrate that Officer Hewett has a long and dangerous history of violent propensities.  Defendants further deny that the context of such exhibits constitutes truth.

22. The Lakemoor Police Department and the prior Chief of Police of the Lakemoor Police Department were defendants in a police brutality case.  In 1999 a complaint was filed against the above defendants in the Western District for the Northern District of Illinois as case

number 99 CV 50166.   A copy of the First Amended Complaint is attached hereto and made a

part hereof as Exhibit 10.

**ANSWER**:  Defendants admit that the Lakemoor Police Department and the prior Chief

of Police of the Lakemoor Police Department were defendants in a civil case filed in 1999 in the

Northern District of Illinois, Western Division.   Defendants deny any implication that the

allegations contained in the First Amended Complaint attached to the Plaintiff's Amended

Complaint as Exhibit 10 are true.


**COUNT I**
**UNREASONABLE USE OF FORCE IN VIOLATION OF 42 U.S.C. 1983**
**AGAINST DEFENDANT HEWETT AND DEFENDANT FREE**

23. Paragraphs 1 through 22 are adopted and incorporated by reference as and for this

Count I as though fully set forth herein.

**ANSWER**:  These Defendants reallege all answers to paragraphs 1 through 22 as though

fully set forth herein.


24. Acting under color of law and with the authority of Defendant, the Village of

Lakemoor, Defendant Police Officers, Officer Hewett and Officer Free, intentionally, negligently

and with complete and deliberate indifference for Plaintiff's rights caused Plaintiff to be

deprived of his constitutional rights, including but not limited to those under the Fourth, Fifth,

Sixth and Eighth Amendments by:

> a. Using a degree of force that was unreasonable under the circumstance, and
>    in violation of Plaintiff's rights to be free of an unreasonable seizure under
>    the Fourth Amendment;
>
> b. Subjecting Plaintiff to punishment without the benefit of a trial by jury in
>    violation of his rights under the Sixth and Eighth Amendments; and

      c. Depriving Plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of his rights under the Fifth Amendment.

**ANSWER**: Defendants deny the allegations contained in paragraph 24 inclusive of subparts a. through c.

25. The Defendants named in this Count I of Plaintiff's First Amended Complaint committed the above-described acts individually while acting under color of state law, without probable cause, and used unreasonable and excessive force to effect the arrest.

**ANSWER**: Defendants admit that at all times relevant, they were acting under color of state law, but deny the remaining allegations contained in paragraph 25.

26. Both prior to, and during, the course of the arrest of the Plaintiff, the Defendants used unreasonable force in violation of his due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, and his rights to be free from unlawful searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

**ANSWER**: Defendants deny the allegations contained in paragraph 26.

27. At the time relevant to this Complaint there was in full force and effect a federal statute under Article 42 of the United States Code and codified at 42 U.S.C. §§1983 and 1988.

**ANSWER**: Defendants admit the allegations contained in paragraph 27.

28. As a direct and proximate result of the Defendants' actions as stated above, the Plaintiff has been deprived of his constitutional rights and he has suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:** Defendants deny the allegations contained in paragraph 28.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, Chief of Lakemoor Police Department, and OFFICERS ANDREW B. HEWETT and R. FREE, pray that this Court enter judgment in their favor and against the Plaintiff, JESSIE NEAL, in accordance with the foregoing.

### COUNT II
### VIOLATION OF 42 U.S.C. 1983
### AGAINST DEFENDANT CHIEF FRASIER

29. Paragraphs 1 through 28 are adopted and incorporated by reference as and for this Count II as though fully set forth herein.

**ANSWER:**  These Defendants reallege their answers to paragraphs 1 through 28 inclusive as though fully set forth herein.

30. The Defendant has a duty to hire police officers that are not a danger to the public.

**ANSWER:** Defendants admit the allegations contained in paragraph 30.

31. The Defendant has a duty to train and supervise the police officers under his command and to prevent the police officers from committing intentional battery against innocent persons.

**ANSWER:** Defendants deny the  allegations contained in paragraph 31.

- 12 -

32. On information and belief, it was the pattern and custom of Defendant Frasier to hire and permit police officers with past violent histories to perform the duties of a police officer and to allow a police officer to be put in a situation where they would exercise unnecessary force against members of the public.

**ANSWER**: Defendants deny the allegations contained in paragraph 32.

33. Defendant Police Chief, Wallace Fraiser (sic), under color of law, intentionally, negligently and with complete and deliberate indifference to Plaintiff's rights, caused Plaintiff to be deprived of his constitutional rights including but not limited to the Fourth, Fifth, Sixth and Eighth Amendments, by:

    a.  Failing to adequately and properly supervise the training and conduct of the Defendant Police Officers, Officer Hewett and Officer Free;

    b.  Failing to enforce the laws of Illinois, and the provisions of the Constitution of the United States concerning use of force by officers of the police force while making an arrest; and

    c.  Allowing police officers with criminal convictions and violent histories, such as Officer Hewett, to perform the duties of police officers.

**ANSWER**: Defendants deny the allegations contained in paragraph 33 inclusive of subparts a. through c.

34. Defendant Police Chief, Wallace Fraiser (sic), knew or should have known of the past criminal convictions and the pattern and custom of the past violent history of Police Officer Hewett.

**ANSWER**: Defendants deny the allegations contained in paragraph 34.

- 13 -

35. Plaintiff's injuries and deprivations of constitutional rights were proximately caused by Defendant Police Chief, Wallace Fraiser's (sic) :

a. The inadequate training and supervision of Defendant Police Officers, Officer Hewett and Officer Free;

b. Failure to enforce the laws of Illinois and with the provisions of the Constitution of the United States;

c. Issuance of vague, confusing and contradictory policies concerning the use of force that are inconsistent with the requirements of the Fourth, Fifth, Sixth and Eighth Amendments of the United States Constitution; and

d. Allowing police officers with criminal convictions and violent histories, such as Officer Hewett, to perform the duties of police officers.

**ANSWER:** Defendants deny the allegations contained in paragraph 35 inclusive of subparts a. through d.

36. As a direct and proximate result of the Defendants' actions as stated above, the Plaintiff has been deprived of his constitutional rights and he has suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:** Defendants deny the allegations contained in paragraph 36.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, Chief of Lakemoor Police Department, and OFFICERS ANDREW B. HEWETT and R. FREE, pray that this Court enter judgment in their favor and against the Plaintiff, JESSIE NEAL, in accordance with the foregoing.

**COUNT III**
**VIOLATION OF 42 U.S.C. 1983**

- 14 -

## **AGAINST DEFENDANT VILLAGE OF LAKEMOOR**

37. Paragraphs 1 through 36 are adopted and incorporated by reference as and for this Count III as though fully set forth herein.

**ANSWER:** These Defendants reallege their answers to paragraphs 1 through 36 inclusive as though fully set forth herein.

38. Defendant Municipality, the Village of Lakemoor, under color of law, intentionally, negligently and with complete and deliberate indifference for Plaintiff's rights, authorized, permitted and tolerated the custom and practice of the unconstitutional and excessive use of force by the Defendant Officers, Officer Hewett and Officer Free, of the Village of Lakemoor Police Department and, in particular by Defendant Police Officers, Officer Hewett and Officer Free, by failing to:

a. Appoint, promote, train and supervise officers of the Village of Lakemoor Police Department who would enforce the laws in effect in the Village of Lakemoor and who would protect the constitutional rights of the people of the Village of Lakemoor and State of Illinois;

b. Require Defendant Police Chief, Wallace Fraiser (sic), to promulgate procedures and policies for the use of mace that were consistent with the Fourth, Fifth, Sixth and Eighth Amendments of the Constitution;

c. By permitting the policy and custom of using unreasonable force to exist and to be followed by the Village of Lakemoor Police Department, thereby proximately causing the deprivation of Plaintiff's rights under the Fourth, Fifth, Sixth and Eighth amendments to the United States Constitution; and

d. Not performing proper background checks on police officers and allowing police officers with criminal convictions and violent histories to perform the duties of police officers.

**ANSWER:** Defendants deny the allegations contained in paragraph 38 inclusive of subparts a. through d.

- 15 -

39. The customs, policies and practices that caused the constitutional violations herein alleged include:

    a. Excessive force by the Village of Lakemoor police officers;

    b. Mental abuse, oral abuse and oral assaults by the Village of Lakemoor police officers;

    c. A code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional conduct alleged in this Complaint;

    d. The filing of false and incomplete police reports to hide criminal and unconstitutional conduct by the officers;

    e. The willful, wanton and deliberate indifference to conduct proper background investigations before hiring a police officer;

    f. The willful, wanton and deliberate hiring police officers with criminal histories and violent backgrounds;

    g. The willful, wanton and deliberate indifference of failure to train, supervise and discipline police officers to prevent unconstitutional and criminal conduct; and

    h. The failure to deter police officers from engaging in unconstitutional and criminal misconduct through deficient, defective and ineffectual investigatory and disciplinary procedures, as promulgated by the Village of Lakemoor.

**ANSWER:** Defendants deny the allegations contained in paragraph 39 inclusive of subparts a. through h.


40. The policies, practices and customs herein complained of are so prevalent and widespread within the Village of Lakemoor Police Department as to put the Village of Lakemoor policy makers on actual and implied notice that such policies existed in full force and effect.

**ANSWER:** Defendants deny the allegations contained in paragraph 40.

- 16 -

41. The constitutional violations detailed above were caused in part by the customs, policies and practices of the Defendant, the Village of Lakemoor, as promulgated, enforced and disseminated by the Village of Lakemoor in this case and many other cases.

**ANSWER**: Defendants deny the allegations contained in paragraph 41.

42. Because of its policies, procedures, patterns, practices and customs, including but not limited to hiring, training, supervising, investigating and disciplining the Lakemoor police officers, said Defendant is liable to the Plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER**: Defendants deny the allegations contained in paragraph 42.

43. By acting willfully, wantonly and deliberately indifferent towards the constitutional rights of the Plaintiff by accepting, monitoring, protecting and encouraging the unconstitutional policies, practices and customs as described above.

**ANSWER**: Defendants deny the allegations contained in paragraph 43.

44. As a direct and proximate result of the Defendants' actions as stated above, the Plaintiff has been deprived of his constitutional rights and he has suffered physical, emotional and monetary damages as a result thereof.

**ANSWER**: Defendants deny the allegations contained in paragraph 44.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, Chief of Lakemoor Police Department, and OFFICERS ANDREW B. HEWETT and R. FREE,

pray that this Court enter judgment in their favor and against the Plaintiff, JESSIE NEAL, in accordance with the foregoing.

## COUNT IV
### FAILURE TO PROTECT FROM THE UNREASONABLE USE OF FORCE IN VIOLATION OF 42 U.S.C. 1983 AGAINST DEFENDANT HEWETT

45. Paragraphs 1 through 44 are adopted and incorporated by reference as and for this Count IV as though fully set forth herein.

**ANSWER:** These Defendants reallege their answers to paragraphs 1 through 44 inclusive as though fully set forth herein.

46. The Defendant police officer Hewett was present for and during the unlawful use of force against the Plaintiff and failed to protect the Plaintiff from such force, in violation of the Plaintiff's Fourth Amendment right to be free from unreasonable and excessive force, and the Fourteenth Amendment right to due process.

**ANSWER:** Defendants admit that Officer Hewett was present for the arrest of Jessie Neal, but deny the remaining allegations contained in paragraph 46.

47. As a direct and proximate result of the Defendant's actions as stated above, the Plaintiff has been deprived of his constitutional rights and he has suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:** Defendants deny the allegations contained in paragraph 47.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, Chief of Lakemoor Police Department, and OFFICERS ANDREW B. HEWETT and R. FREE,

- 18 -

pray that this Court enter judgment in their favor and against the Plaintiff, JESSIE NEAL, in accordance with the foregoing.

## COUNT V
## FAILURE TO PROTECT FROM THE UNREASONABLE USE OF FORCE IN VIOLATION OF 42 U.S.C. 1983 AGAINST DEFENDANT FREE

48. Paragraphs 1 through 47 are adopted and incorporated by reference as and for this Count V as though fully set forth herein.

**ANSWER:** These Defendants reallege their answers to paragraphs 1 through 47 inclusive as though fully set forth herein.

49. The Defendant police officer Free was present for and during the unlawful use of force against the Plaintiff and failed to protect the Plaintiff from such force, in violation of the Plaintiff's Fourth Amendment right to be free from unreasonable and excessive force, and the Fourteenth Amendment right to due process.

**ANSWER:** Defendants admit that Officer Free was present for the arrest of Jessie Neal but deny the remaining allegations contained in paragraph 49.

50. As a direct and proximate result of the Defendant's actions as stated above, the Plaintiff has been deprived of his constitutional rights and he has suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:** Defendants deny the allegations contained in paragraph 50.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, Chief of Lakemoor Police Department, and OFFICERS ANDREW B. HEWETT and R. FREE,

pray that this Court enter judgment in their favor and against the Plaintiff, JESSIE NEAL, in accordance with the foregoing.

**COUNT VI**
**ASSAULT AND BATTERY**
**IN VIOLATION OF ILLINOIS LAW**
**AGAINST ALL NAMED DEFENDANTS**

51. Paragraphs 1 through 50 are adopted and incorporated by reference as and for this Count VI as though fully set forth herein.

**ANSWER:** These Defendants reallege their answers to paragraphs 1 through 50 inclusive as though fully set forth herein.

52. The above-described beatings by Defendant Police Officers, Officer Hewett and Officer Free, on the morning of February 18, 2007 constitute an intentional assault and battery against Plaintiff under the laws of Illinois.

**ANSWER:** Defendants deny the allegations contained in paragraph 52.

53. The Defendants, and each of them, unlawfully touched the Plaintiff without his consent in violation of Illinois law.

**ANSWER:** Defendants admit that Defendants Hewett and Free touched the Plaintiff, but deny the remaining allegations contained in paragraph 53.

54. The Defendants committed these unlawful acts willfully and maliciously and with a conscious disregard of the Constitutional rights of the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 54.

55. As a direct and proximate result of the Defendants' actions as stated above, the Plaintiff has been deprived of his constitutional rights and he has suffered physical, emotional and monetary damages as a result thereof.

**ANSWER**: Defendants deny the allegations contained in paragraph 55.

56. As a result of the assault and battery upon his person by Defendant Police Officers, Officer Hewett and Officer Free, Plaintiff has suffered severe and permanent physical and mental pain and distress.

**ANSWER**: Defendants deny the allegations contained in paragraph 56.

57. Defendant Municipality, the Village of Lakemoor, as the employer of Defendant Police Officers, Officer Hewett and Officer Free, is liable under the doctrine of respondeat superior for the tortuous conduct of the individual Defendants.

**ANSWER**: Defendants admit the allegations contained in paragraph 57 to the extent that it refers to conduct in the scope of Defendants Hewett's and Free's employment.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, Chief of Lakemoor Police Department, and OFFICERS ANDREW B. HEWETT and R. FREE, pray that this Court enter judgment in their favor and against the Plaintiff, JESSIE NEAL, in accordance with the foregoing.

## COUNT VII
## WILFUL AND WANTON CONDUCT
## IN VIOLATION OF ILLINOIS LAW
## AGAINST DEFENDANT HEWETT AND DEFENDANT FREE

58. Paragraphs 1 through 57 are adopted and incorporated by reference as and for this Count VII as though fully set forth herein.

**ANSWER:** These Defendants reallege their answers to paragraphs 1 through 57 inclusive as though fully set forth herein.

59. The above-described beatings and conduct by Defendant Police Officers, Officer Hewett and Officer Free, on the morning of February 18, 2007, constitute willful and wanton conduct under the laws of the State of Illinois.

**ANSWER:** Defendants deny the allegations contained in paragraph 59.

60. Defendant Police Officers, Officer Hewett and Officer Free, in beating Plaintiff several times with their Village of Lakemoor Police Department issued batons and spraying mace into the Plaintiff's face acted in an extreme and outrageous manner, intentionally and with reckless disregard for Plaintiff's welfare, inflicted severe and permanent emotional distress on Plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 60.

61. The beating and making of the Plaintiff constitutes a reckless and careless disregard for his safety, well being and welfare.

**ANSWER:** Defendants deny the allegations contained in paragraph 61.

- 22 -

62. As a direct and proximate result of the Defendants' actions as stated above, the Plaintiff has been deprived of his constitutional rights and he has suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:** Defendants deny the allegations contained in paragraph 62.


WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, Chief of Lakemoor Police Department, and OFFICERS ANDREW B. HEWETT and R. FREE, pray that this Court enter judgment in their favor and against the Plaintiff, JESSIE NEAL, in accordance with the foregoing.


### COUNT VIII
### WILLFUL AND WANTON CONDUCT
### IN VIOLATION OF ILLINOIS LAW
### AGAINST DEFENDANT CHIEF FRASIER

63. Paragraphs 1 through 62 are adopted and incorporated by reference as and for this Count VIII as though fully set forth herein.

**ANSWER:** These Defendants reallege their answers to paragraphs 1 through 62 inclusive as though fully set forth herein.


64. The conduct of Defendant Police Chief, Wallace Fraiser (sic), in failing to properly train, supervise and control the conduct of Defendant Police Officers, Officer Hewett and Officer Free, constitutes willful and wanton conduct under the laws of Illinois.

**ANSWER:** Defendants deny the allegations contained in paragraph 64.

65. Defendant Police Chief, Wallace Fraiser (sic), knew or should have known about the past criminal convictions and violent history of Officer Hewett.

**ANSWER:** Defendants deny the allegations contained in paragraph 65.

66. The failure to properly train, supervise and control the conduct of police officer Hewett and Free constitutes a reckless and careless disregard for the safety, wellbeing and welfare of the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 66.

67. As a direct and proximate result of the Defendants' actions as stated above, the Plaintiff has been deprived of his constitutional rights and he has suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:** Defendants deny the allegations contained in paragraph 67.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, Chief of Lakemoor Police Department, and OFFICERS ANDREW B. HEWETT and R. FREE, pray that this Court enter judgment in their favor and against the Plaintiff, JESSIE NEAL, in accordance with the foregoing.

**COUNT IX**
**WILLFUL AND WANTON CONDUCT**
**IN VIOLATION OF ILLINOIS LAW**
**AGAINST DEFENDANT VILLAGE OF LAKEMOOR**

68. Paragraphs 1 through 67 are adopted and incorporated by reference as and for this Count IX as though fully set forth herein.

**ANSWER:** These Defendants reallege their answers to paragraphs 1 through 67 inclusive as though fully set forth herein.

69. Defendant Municipality, the Village of Lakemoor, as the employer of Defendant Police Officers, Officer Hewett and Officer Free, and Police Chief, Wallace Fraiser (sic), is liable for the willful and wanton conduct of the individual Defendants.

**ANSWER:** Defendants admit the allegations contained in paragraph 69 to the extent that it refers to conduct within the scope of Defendant Hewett's and Free's employment.

70. Defendant Municipality, the Village of Lakemoor, willfully and wantonly caused the above-described injuries by failing to properly hire, train, supervise and control the conduct of Defendant Police Officers, Officer Hewett and Officer Free, by failing to train officers of the Village of Lakemoor Police Department to enforce the laws in effect in the Village of Lakemoor and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the use of batons and mace by officers of the Village of Lakemoor Police Department.

**ANSWER:** Defendants deny the allegations contained in paragraph 70.

71. The failure to properly hire, train, supervise and control the conduct of police officer Hewett and Free constitutes a reckless and careless disregard for the safety, well being and welfare of the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 71.

72. As a direct and proximate result of the Defendants' actions as stated above, the Plaintiff has been deprived of his constitutional rights and he has suffered physical, emotional and monetary damages as a result thereof.

**ANSWER:** Defendants deny the allegations contained in paragraph 72.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, Chief of Lakemoor Police Department, and OFFICERS ANDREW B. HEWETT and R. FREE, pray that this Court enter judgment in their favor and against the Plaintiff, JESSIE NEAL, in accordance with the foregoing.

## JURY DEMAND

These Defendants hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

## AFFIRMATIVE DEFENSES OF DEFENDANTS

NOW COME the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, Chief of Lakemoor Police Department, and OFFICERS ANDREW B. HEWETT and R. FREE, by and through their attorneys at Knight, Hoppe, Kurnik & Knight, Ltd., and for their affirmative defenses to the Amended Complaint of the Plaintiff, JESSIE NEAL, state as follows:

### FIRST AFFIRMATIVE DEFENSE
### (COUNTS VI, VII, VIII AND IX)

The action of the Defendants, Chief Frasier and Officers Hewett and Free, involve the execution and enforcement involve the execution and enforcement of the law within the meaning of 745 ILCS 10/2-202 and such conduct cannot be characterized as willful and wanton, thus

- 26 -

immunizing the Defendants, Chief Frasier and Officers Hewett and Free; and the Village of Lakemoor is entitled to that same immunity derivatively under § 2-109 of the Act.

### SECOND AFFIRMATIVE DEFENSE
### (COUNTS VI, VII, VIII AND IX)

The actions of the Defendants involved the provision of police services and police protection within the meaning of 745 ILCS 10/4-102 and, as a result, the Defendants are entitled to absolute immunity for their conduct under the aforementioned section.

### THIRD AFFIRMATIVE DEFENSE
### (COUNTS VI, VII, VIII AND IX)

To the extent that they were not acting in execution or enforcement of the law, the actions of the Defendants, Chief Frasier and Officers Hewett and Free involved the determination of policy or the exercise of discretion within the meaning of 745 ILCS 10/2-201, thus immunizing the Defendants, Chief Frasier and Officers Hewett and Free; and the Village of Lakemoor is entitled to that same immunity derivatively under § 2-109 of the Act.

### FOURTH AFFIRMATIVE DEFENSE
### (COUNTS VI, VII, VIII AND IX)

To the extent that the Defendants, Chief Frasier and Officers Hewett and Free, had not yet undertaken the execution or enforcement of the law, the Defendant Village of Lakemoor, is entitled to absolute immunity under 745 ILCS 10/4-102 which immunizes the Defendant Village of Lakemoor from failing to provide police services.

### FIFTH AFFIRMATIVE DEFENSE
### (COUNTS VIII AND IX)

In connection with Counts VIII and IX, wherein the Plaintiff alleges that the Defendants, Chief Wallace Frasier and the Village of Lakemoor, failed to properly train, supervise, monitor, and control their agents and/or employees, the training, supervision, monitoring and controlling of agents and/or employees involves the determination of policy or the exercise of discretion

- 27 -

within the meaning of 745 ILCS 10/2-201, thus immunizing the Defendants, Chief Wallace Frasier and the Village of Lakemoor.

## SIXTH AFFIRMATIVE DEFENSE

The actions of the Plaintiff by acting in a disorderly manner and interfering with the duties of the above-named police officers were acts which the Plaintiff knew could have resulted in arrest or injury or he acted in conscious disregard for the likelihood that arrest or injury would result. These acts amounted to willful and wanton conduct, and amounted to contributory fault which is more than 50% of the total fault contributing to his injuries and judgment should be entered in favor of these Defendants and against Plaintiff. Alternatively, any judgment entered in favor of the Plaintiff should be reduced by the amount of percentage of the contributory fault of the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE
## (COUNTS I, II, III, IV AND V)

The individual Defendants are entitled to qualified immunity as under the totality of the circumstances, no reasonably competent police officer would have concluded that the arrest of Plaintiff, Jessie Neal, violated the Fourth, Fifth, Sixth, or Eighth Amendments or that the individual Defendants otherwise acted unconstitutionally in connection with the arrest of the Plaintiff, Jessie Neal.

WHEREFORE, the Defendants, VILLAGE OF LAKEMOOR, WALLACE FRASIER, Chief of Lakemoor Police Department, and OFFICERS ANDREW B. HEWETT and R. FREE, pray that judgment be entered in their favor and against the Plaintiff, JESSIE NEAL, in accordance with the foregoing Affirmative Defenses.

Respectfully submitted,

By:
s/Krista E. Oswald _____ ___
Krista E. Oswald of KNIGHT, HOPPE, KURNIK &
KNIGHT, LTD.

### <u>CERTIFICATE OF SERVICE</u>

The undersigned, one of the attorneys of record herein, hereby certifies that on March 13, 2008, the foregoing **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

- **William W. Kurnik** - bkurnik@khkklaw.com

- **Krista Eleanore Oswald** - Koswald@khkklaw.com

- **Andrew Szocka** - aszocka@bruninglaw.com

s/Krista E. Oswald _____
KRISTA E. OSWALD, Attorney Bar #6287032,
One of the Attorneys for Defendants
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
2860 River Road – Suite 400
Des Plaines, Illinois 60018-6009
Telephone:     (847) 298-8000
Facsimile:     (847) 298-8014
E-mail:        koswald@khkklaw.com

5754 Answer-Aff Def to 1st AC 08-03-12

- 29 -